Case number 22-3216 and 3217 1st Floor Living LLC et al. v. City of Cleveland OH et al. Oral argument is not to exceed 20 minutes for the appellants and 20 minutes to be shared by the appellees. Mr. Stephenson, you may proceed for the appellants. Good morning, Your Honors. And may it please the Court, my name is Justin Stephenson. I'm here for the appellants' Lush Designs LLC and 1st Floor Living LLC today. With the Court's permission, I would like to reserve five minutes for rebuttal. Your Honors, our request today is simple. We are here to ask this Court to allow appellants simply to discover information, the right to discover that information in pursuing in furtherance of legitimate claims that they have brought. This is just to avail themselves of this most basic tenet of litigation that is afforded to virtually all litigants. A quick overview of the circumstances that led to the appeal here. At the initial scheduling conference in the trial court at this case, the trial court indicated, and you see this in the record. Can I ask you a question? What is the dispute? Your discovery, I take it, would test maybe the veracity of the evidence. Where would that fit into the summary judgment? Absolutely. So the discovery would not just test the veracity of the evidence, but of course, determine whether there is any additional evidence in the possession of the defendants. With respect to the veracity of the evidence, this is going to come into play in the context of the Court's opinion that there was a posting completed based solely on a picture in the affidavit presented by the city and the defendants. And you made it proper in the case what you would have found if you would have been given discovery? Like so-and-so would have said this and this evidence would be proven by this person. Do you have that? I'm sorry. Yes, appellants did. So in the context of the case, the initial order indicated that the discovery was going to be postponed until the defendants had filed their motions for summary judgment. There was a status conference after the motions were filed, and at that time the Court indicated, which is indicated in the record, that the appellants are to file a Rule 56d motion indicating what evidence they would like to see, what evidence they would like to request in furtherance of responding to the motions for summary judgment submitted by the defendants. And there is a number of items listed in there, and while the appellants were not able to articulate, we want this exact document, this thing dated this particular day, it's something of a metaphysical exercise to try to get at exactly what might be in the possession of another party that the plaintiffs or appellants in this case have never seen. So these items... I take it that you're, for both properties, Linwood and Warner, you're denying that you received any notice. That's correct. And there are sworn statements, the sworn statements that you put in the record that say that, right? That is correct. There are affidavits from Representatives Wolk and Kim, they both say we never saw anything, right? That's correct. And the city is saying, we mailed these things, we have these receipts, and I take it you would like to depose their declarants and identify any other people that were involved and maybe depose them, the typical kind of discovery, right? Certainly, Your Honor. Given the Keene case in our court, would it make a difference? I mean, I guess I'm just struggling with whether, and I don't know, you know, maybe, look, these are grainy photos, who knows? I don't know, maybe they're not authentic, I don't know. Is that a fishing expedition? I don't know. I mean, is that what we're talking about here? I mean, Keene itself was a motion to dismiss too, right? Keene in particular was a motion to dismiss that I believe was looked at in terms of a motion for summary judgment at that time, but, you know, couched in terms of mostly the allegations of the complaint, if I recall correctly. The Keene decision, however, is important, is clearly distinguishable, and one very important aspect, that the plaintiff admitted, according to that opinion, on the record, during the context of the motions that were submitted, that they knew there were proceedings, there were nuisance proceedings going on against the property. So certainly there was already some knowledge that this plaintiff had. There's no indication of that in our case, and of course the affidavits indicate that they never, my clients, the appellants, the plaintiffs, never received any indication that there was... The affidavits also say that you, at least with respect to one of the properties, maybe both, that the attorneys searched the public records and didn't see any notice of anything? Staff members, that is correct. They also attempted to search the citizen public access portal and were not able to immediately find those documents where the city would purportedly keep the as additional, some additional evidence. And under Ohio law, minor sayings under Ohio law, a subsequent purchaser is deemed to know about code violations and what not, if they're publicly available, or on websites or whatever, I don't know what it is. Is that right? I don't know that that is necessarily the case, Your Honor. I thought an owner has a duty to tell the subsequent purchaser, or to tell the purchaser that there's a problem with the property, and if the issuing authority has made it available as a public record or something, you're also deemed to know. Maybe I'm wrong about that, my interpretation of Ohio law. Two points to answer that question. With respect to whether it's made a matter of public record, appellants are unaware of any law that states specifically if it's in the city's record that someone could access, it's not recorded on the title or something like that. Appellants are unaware of any law, any case law essentially that says this gives, puts them on notice. Like in the Warner Road property, now that had been conveyed, it was at one point owned by the state of Ohio, right? Yes, so this gets to the second point of Your Honor's question. There are rules, there are laws, disclosure laws that state owners have to give notice to subsequent purchasers, but the Warner property was owned by the state of Ohio at one point, then transferred to the land bank, the same requirements because they were never in actual possession of the property, they just owned it. Clearly the city gave notice to the state of Ohio about the property being I believe the Warner property was a tax foreclosure or something to that effect with the state of Ohio, so not necessarily had anything to do with, and there's nothing in the record to suggest whether the city or anyone gave any notice. I take it your clients knew, I mean they were rehabbing the property, they had to suspect that there might be a problem, right? Maybe not that it was condemned, I don't know, but I'm assuming it wasn't in great shape. Well, they were rehabbing the property, certainly, and whether they suspected that there were any problems or not, one is not. And I guess my other question, sorry to call it a property like that, right? Did they get those permits? Once you get to that point, there's nothing in the record indicating that they had those permits. None of these items were really ever sussed out in discovery or in anything aside from this discussion in the affidavits that we have here because the parties were not permitted to do any discovery. Did you submit any affidavits or did either client have anything that said that they didn't have a permit? Isn't that a problem? Because I mean the law, the Ohio, the city ordinances require if you're going to do work on property, as Judge Albany said, you've got to have a permit. And if you didn't, if they checked the records just as a final check and there were no rehabilitation permits, why shouldn't they be able to proceed to demolish? Certainly. And I think the, so the record should show that, in our view, does show that they were intending to develop and rehab these properties, but maybe they just hadn't gotten to that point yet, so no permits were issued. What relief are you asking? Are you asking to go back down and allow discovery and proceeding further? Or are you just wanting damages at this point for where the building was torn down? We would like to reverse the motion. Some buildings are worth more being torn down than they are standing up, you know that. That could be the case, Your Honor. So I would note that the appellants here are property investors. They were looking to improve this city. They were looking to improve the city of Cleveland, which historically has, you know, not the greatest. Did they ever tell the city or the authorities, we're getting ready to do this, just give us another month or two months? There were some discussions. This is another part of kind of the issues of fact that need to be sussed out in discovery, Your Honor, is specifically with Lush Designs. Lush Designs submitted an affidavit indicating that they did go down and talk to some people at the city who said there was nothing, the city employee couldn't find any information that there was any problem with the property, including, you know, nuisance or condemnation or anything to that effect. But then the city submitted an affidavit stating that that person didn't work there at the time. So there's kind of an issue of fact of who they actually talked to, what happened in that scenario. So this is one of the instances in which we would like, with respect to Your Honor's question, the relief that we're asking for is to reverse the motion for summary judgment at this point that was submitted prematurely and allow us to go through the process, the process that litigants should be allowed to avail themselves of to determine what the actual facts are so that a court can decide appropriately whether at that point summary judgment is appropriate. There was, you know, they have a certified mail receipt that notice was given to the statutory agent for Lush Designs, what, this Leslie Gaskins? Yes. Now it was signed by somebody else, but it was still, it went to that address of the statutory agent and the basic issue here is was there adequate notice? Certainly, Your Honor. With respect to First Floor Living, I would note that those, you know, what was given and what was received between First Floor Living and Lush Designs is a little bit different. With respect to Lush Designs, it was never given an opportunity to inquire with the city or to ask anyone or determine with any sort of level of thoroughness what the city knew and what the city would do in these types of scenarios and what the city's procedures were. To go back to my original question about Gaskins, she's saying she never had notice. That's correct. She's saying she never saw anything. That is correct. So you're saying, they're saying, there's a letter that was sent to her, it was not signed by her, and she is saying, sworn statement, I never received notice. That's correct, Your Honor. So, but of course the question about, the question isn't actual notice, right? The question is, did they do what they needed to do? Why isn't that enough? I mean, it seems like you want to figure out whether they actually put it in the mail. What was the procedure for doing it? I don't know, something like that? Is that? So, there's kind of a lot of issues wrapped up into my answer there, so I'll try to answer this as succinctly as I possibly can to that question. So, even if we don't get to, this Court decides that no discovery was necessary at that point or something to that effect, certainly these are issues of fact that, at this stage, without having done any discovery, should have precluded motions for summary judgment. With respect to the policies and procedures and practices, yes, we are, appellants are asking to dig into that because there could be policies or procedures that say, or there could be internal documentation that says, oh yeah, we know that this isn't the person we sent it to. That's not sufficient, but we're going to demolish the building anyway. Again, you know, it is something of a metaphysical exercise to try to determine what information is in the possession of somebody that you haven't seen, but that is the purpose of discovery, is to make educated attempts at trying to get that information so that you have the full case to present to the Court so that the Court can make these decisions with all the information, particularly in a case such as this, in the due process cases where the Court is looking at whether notice is reasonably apprised under all the circumstances. This is a very fact-intensive test. It's not a purely legal test. Under all the circumstances, whether the notice was apprised to give the notice. You're getting down into your last bit of time, aren't you? Yes. Yes, Your Honor. I didn't know if you talked about reserving some time for rebuttal. Yes, so if Your Honors have any other questions, we would request the motion for summary judgment, allow the appellants to do their discovery and to determine the facts that we need to determine here in order to appropriately decide this case. Some of this notice in this case says that the government is supposed to post something on the building. Was that done? Do you admit that was done correctly? The appellant's position is that the posting was not appropriately done either with respect to the timing in which these postings were done. The only evidence that the city did submit was evidence that the trial court based on which it bases a summary judgment opinion was evidence that these postings were submitted and posted on the property four years prior to the current owner and the property being demolished. That was Warner, right? Warner is the 2016 notice and then the judge doesn't really go with the handwritten notes on the 2020? Yes, the judge admitted that those were arguable. Was there a posting at Linwood? There was a posting at Linwood as well. I believe that was 2018? Warner seems like it's a tougher call or a closer case. I'm not saying either way, but I'm just saying Warner seems a better case for you than Linwood. I'm not saying that Linwood isn't also, but just based on everything that seems to have been done at both properties. So appellants would submit, we brought these cases, we didn't know anything about what happened. I'm not expecting you to agree with me on that, but I'm just playing the cards on the table. Regardless in both cases, we still think that there's issues left to be discovered and issues left to be discussed. Okay, well you'll have your rebuttal. Who are we hearing from first? The City of Cleveland, is that right? That is correct, Your Honor. Okay, great. May it please the Court, my name is Elena Boop, I represent the City of Cleveland. First of all, I want to raise something right away that came up in my colleague's presentation. Revised Code Section 5301.253 specifically states, any notice or order of a court or building and housing authority that relates to a violation of the Building and Housing Code that appears on the public records of the issuing authority, which would be the public records of Cleveland's Building and Housing Department, is notice to all subsequent purchasers. This was absolutely a matter of public records of the City of Cleveland. Is that in the record? The entire building and demolition, yes I believe it is in the record, the entire building and demolition file by law, by Ohio law, is public record. But what is in the record on that? The file itself, Your Honor. The file itself is publicly available. No, in our record. What is in our court record on this, on whether this was publicly available? Is there a declaration that says we comply fully with ORC 5301.253 by putting the data on our website at URL whatever? Your Honor, it's not a matter of whether it's posted on the website. It is a matter of the physical file that's maintained by Building and Housing Department. Okay, the physical file is... It's a combination of affidavits, Your Honor, from Antoinette Allen as well as our Building and Demolition Building Manager. I believe that it's spelled out on both affidavits. Why am I not allowed to depose the people that submit sworn statements in support of summary judgment? It seems like that would be just a normal course. I would say, okay, I want to depose Ms. Allen. Ms. Allen, you say that this public record is routinely kept in your office. I mean, I just want to go through your declaration and figure out what's going on. So, Your Honor, I don't know that that deposition creates any genuine issue of material fact. How do we know until it happens? But I think that in a Rule 56D affidavit, the appellant has at least an obligation to establish how, not just whether or not it might or it could or it would yield some information, they have to demonstrate, they have a burden to demonstrate how specifically. So if it's just, I don't know if Ms. Allen is telling the truth in her sworn declaration, I don't believe that's enough under Rule 56D. They have to establish more than that. They have to establish that specific facts that could potentially lead to a material dispute. Am I not allowed to test the evidence? I want to see who took this photo. I want to know when they took it. I want to know what kind of camera they used. I want to know who you talked to. I want to know, I mean, it seems to me to be a little unfair for the district judge to say things like, hey, the plaintiff didn't produce any evidence of blank when the plaintiff didn't have an opportunity to do any discovery. I mean, how am I supposed to say that there was no discovery? It's not accurate because the entire demolition file that was used to support the defendant's motion for summary judgment was produced as attachments to its answer, not to mention the fact that it is a public record. How many document requests did you answer? How many interrogatories did you answer? How many depositions did you sit for? I mean, what? All of the objective evidence that was used in support of motions for summary judgment was produced with our answer. It was produced with our initial disclosures. And I will also point out to the court, this is page ID 200, which is the court's order that the initial CMC order specifically states that parties agreed to defer discovery. So appellant's counsel already had that information in their possession at the time of the CMC, and they agreed to defer the capacity of the documents. That should have been raised at the CMC months before the summary judgment motions were briefed. That wasn't done. Did they file interrogatories at all on this? I don't believe any interrogatories were filed. But were they allowed? I mean, I thought the judge pretty early on at the 26F stage is saying, hey, it looks like we can dispose of some preliminary issues. If you think you need discovery, you'll make a 56D. I mean, if I were them, I'm not sure I would have looked at that and said, oh, here's my document request, by the way. Because I think you would have probably filed a motion to quash right away and said, oh, wait a minute, you can't do this. I think before the CMC, the appellants had a month's worth of time to use to support the summary judgment motion. It was the certified mail receipts. It was the pictures of the notices. Yeah, but I don't know. I mean, I guess I'm not familiar with the local rules and how things are done in the Northern District of Ohio. But, I mean, can I start serving discovery right away, or do I have to wait for the case management? Absolutely. You can start serving discovery right away. And you're saying that that's what they should have done? Well, the plaintiffs filed a motion. You would have answered it? Or you would have said, oh, wait a minute, we're filing a motion. I would have answered the discovery request with the same materials that we attached to the answer and to our initial disclosures, which is the building and housing demolition file, which is what we used in support of our motion for summary judgment. Yeah, but I don't know. I mean, I guess you're saying that, and I suppose I trust you, but I don't know. I mean, if somebody attaches materials to their answer, I don't know that I've gotten the entire file. I don't know that I have everything. I don't know that it's been, I mean, it's not necessarily done in response to anything. It's self-serving because it's the evidence that you're putting in to support your case. I mean, it seems like you're saying there's no need to have discovery in any case, right? Just either party puts in what they want to put in and we're done. I mean, have you ever taken a deposition of somebody on the other side? I mean, why would you do that? Your Honor, I think just as in the Keene case, I think this is one of those unique circumstances where there is objective evidence that clearly establishes issues for disposition that are purely legal. And just as it happened in the Keene case, this is one of those cases where the evidence is objective. I don't know how you challenge certified mail receipts. I don't know how you challenge photographs. And also, and this goes more to the merits, is that... I don't know that there's been a case ever in the history of litigation. I would say maybe. How do you know? How do you find out? But wouldn't that be a pure definition of a phishing expedition, Your Honor? I mean, you call it a phishing expedition, I would say I'm just trying to test the veracity of the evidence. I'm just trying to see what's going on. When did you take this photo? Who was it? Are the photos authenticated? I mean, I realize the judge said that they met a hearsay objection, right? But not necessarily authenticated, were they? They were authenticated through affidavit. Through the photographer who submitted an affidavit? The property inspector who actually did the posting and took the photographs, which is part of the regular procedure for the City of Cleveland. It's part of its regular policies and procedures. Right, and that's the thing. So the judge says there are policies and procedures that were followed, that Cleveland checked their records, that kind of thing. I'm like, okay, what was the procedure? What is the policy? Where is it written down? How often is it followed? How many times have you done it? I mean, I don't know. I guess I'm just curious because in a normal case, you would be able to ask all those questions. You would depose the person. You would find out what happened exactly. And I understand you're saying, well, this is a unique case. It's a unique case where we don't need any discovery at all. Just look at our evidence. And I don't know. I find that, I mean, what I find odd is that the judge would say in the opinion, plaintiffs have produced no evidence. And I'm like, well, what are they supposed to do? I mean, and maybe the answer is nothing. I mean, under Keene or whatever it is. I think the answer is nothing under Keene. Because if you look at the Keene case, it was essentially the same process except that motion to dismiss stage and the court in Keene actually took judicial notice of several public records. And as far as the city's policies and procedures, they were their Cleveland codified ordinances. These are the policies and procedures of the city of Cleveland. Which is, again, a matter of law, a matter of public record. Yeah, but I don't, I mean, I agree they're a matter of public record. I can get them on Westlaw or whatever on your website. But it doesn't mean that they were followed to the letter in this case or routinely followed to the letter. I mean, we don't know. I mean, if that were the answer, then we wouldn't be here in half our cases, right? Because we would just say, well, the law says this, and surely that police officer was not acting in defiance of that law, right? Every 1983 case would be thrown out. Well, in fact, I think this is one of those cases. And there was actually a recent decision. One of the cases I cited in my brief, but also there was a recent decision in October of this year. Again, the court found that the district court did not commit reversible error in denying any discovery prior to deciding a motion for summary judgment. In denying any discovery prior to a motion for summary judgment. Because additional discovery wouldn't have altered the outcome of the case. I mean, that's the bottom line here. What was the issue in that case? Your Honor, I apologize. I don't have the case in front of me. Look, if it involves a pure legal question, or a facial challenge to a statute or something, yeah, you don't need any discovery. If it's a case where the test is kind of whether notice was reasonable under the circumstances, it already seems kind of odd. It is kind of a test that seems like it's kind of a totality thing. And would lend itself to some factual development. But maybe not. I cannot see any additional evidence that would change the outcome of this case that would lead to a different outcome based on the fact that from the city's perspective, which is the test, it's not actual notice, it's from the city's perspective, whether the notices that went out were reasonably calculated to put the recipient on notice. And here we have a series of efforts done by the city. Let's take the first floor. Isn't it true, I guess, that in, so they're denying that they received any notice, which at this stage of the case kind of takes actual notice off the table. And your point is obviously that actual notice doesn't necessarily matter. But Keene does seem to turn on, or at least it was very important in Keene, that there was actual notice. Would you agree with that? Yes and no, Your Honor. And I say no because if you actually look at the Sixth Circuit's adoption of what was actual notice, it refers back to the district court's analysis. And if you look at the district court's analysis of what was actual notice, it was the fact that the property had already been condemned and subject to demolition as a matter of public record. And that's what the plaintiffs purchased in that case. It was a condemned property that's already subject to demolition. So the city has already gone through all the notification requirements, which are not contested in this case, by the way, before the plaintiffs, the appellants purchased these properties. So I think Keene is directly on point and I think Keene is dispositive. Let me ask you this. On the Warner Road property where there's a question of was notice actually posted on the property because there are only these post-it notes, Rule 406 is routine evidence of what the city's routine is can be evidence that it was done in this particular case. And yet that discovery was denied. Is there a problem there? I think that even if we disregard the second posting at the Warner property, I think the city's efforts in the totality of the circumstances, including its prior efforts, and there was a prior successful posting at the property that's not being contested. There was prior certified mail notification to the prior owner that is not being contested in addition to its efforts under its codified ordinances to notify the new owner. I think under the totality of circumstances from the city's calculations to provide notice of the demolition. And I believe I'm out of time unless there are any other questions. Do you have any other questions? Okay. Thank you. May it please the Court. My name is Elena Bridget, Counsel for the Cuyahoga County Land Reutilization Corporation. Otherwise known as the Land Bank. As a threshold matter, First Floor did not appeal the District Court's decision granting the Land Bank's motion for summary judgment. Its Notice of Appeal and Civil Appeal Statements plainly state this appeal applies solely to the motions filed by First Floor, the City of Cleveland, and Lassiter LLC. Regardless, the Land Bank's filed a Notice of Appearance in this case to ensure our client's interests are protected due to statements made in First Floor's briefing, including the fact that it conceded it did not have viable claims against the Land Bank because it was not permitted to engage in discovery prior to summary judgment briefing. And it even goes as far as to suggest that should the Court reverse and remand to allow the parties to conduct discovery, the District Court's ruling granting the Land Bank's motion should also be reversed. Now this argument is meritless because of the content included in the Land Bank's motion for legal issues. No amount of discovery would have better prepared First Floor to answer that motion. Now those issues concerned the fact that First Floor's complaint did not properly state a claim against the Land Bank and its due process claims and because it brought a negligence per se claim that was barred by Ohio governmental immunity statutes. Those are pure legal questions. No amount of discovery would have helped First Floor better answer those questions. So in conclusion we just ask that the Court recognize that the District Court's ruling granting the Land Bank's motion for summary judgment was correct and in the event it finds grounds to reverse and remand the motions with regards to the other defendants that it uphold the District Court's decision with respect to the Land Bank and leave the Land Bank out of any remanded proceedings. Thank you. Thank you Your Honors. May it please the Court, Matt Barringer on behalf of Laster LLC. Laster was the government or the contractor for the City of Cleveland designated to conduct the demolition of the Warner property. I don't have much to add in terms of the major dispute in this case which is depending on how this court rules on that, say it does, and we agree with the City that all notice provisions, so all those caveats aside, we're agreeing that notice was proper. But if it were not, what to do about Laster? Do they have an independent basis for summary judgment being granted here? Who told Laster to tear the building down? We had a contract with the City of Cleveland. So the question is whether we can be responsible for a constitutional violation, an alleged constitutional violation. Did somebody try to stop you when your client started tearing down the building? Yeah, and actually it's an interesting set of facts on our property. We went out there the day before, dropped off our demolition equipment, came back in the morning, came out there saying, I'm the owner, don't demolish this. Then the owner, the purported owner, shows up and says, in nice words, what are you doing? And we say we're demolishing it. We were told to demolish it. They call the City of Cleveland Building Department, the owner of the property, and the City says, yep, it's good to be here. And they say, what's going on here? We say, we were told to demolish this. We got a contract. They confirm, you're good to demolish it. So if there is an issue with the notice, we were not the state actor in this case. We cannot be responsible for a constitutional violation. We've outlined the tests and I have very little time, but I think there's case law throughout the country that says a private contractor contracted through a government to demolish property is not a state actor for purposes of a constitutional violation. Section 1983 doesn't apply to you? No, because we are not engaged in state action. May I please the court? I'm here on behalf of Appellee Bauman Enterprises, Inc. My name is Rich Rizzi. I'm going to echo Lassiter's argument. Under the public function test, we are not a state actor because it requires an action that's traditionally exclusively reserved to the state. Obviously, demolition is not. The nexus test. Demolition itself that we would look at, not the condemnation, not the ability to condemn. I mean, I take it that condemning property is a state power. Is that right? I would believe so, Your Honor. But you're saying that the demolition consequence is not. Well, we were hired simply to do the demolition. And that is, that's the only allegation against us. Which one of these properties did you demolish? Linwood. Which one? Okay. Linwood, which as Your Honor noted, is the stronger case for the notice as well. There's also no evidence that for the nexus test that we were intimately involved. There was no city control over what we did or how we did it. Well, how do we know without discovery? Well, and that is a very good point, Your Honor. In terms of our initial disclosures, we produced everything including the contract. That's in the briefing. That's in the record. There's no emails between you and the city or text messages or whatever. I don't know. I think, I don't want to speak out of turn. I think there might have been. Did the plaintiffs contest that you were authorized by the city to tear down the building? I don't. I think they're contesting that the city's noticed that the city was authorized to issue the demolition. I don't think there's any  possibility. I think that's clear in the record. Unlike in the Warner case, did anybody come on the property before you actually did it and say stop, don't? No. No, Your Honor. You just had the contract, you demolished it, and then it was only after the fact that the owner of Linwood found out about they have just a clear lot now. I believe that's in the record as to how they found out, yes. I believe I'm out of time. Thank you, Your Honor. Thank you. Rebuttal. Thank you, Your Honor. Thank you, Your Honor. Just briefly. First, I would like to point out that the proposition put forth by the scheduling conference is simply not the case. Rule 26D specifically prohibits parties from engaging in discovery prior to the initial discovery conference, which typically occurs about a week before that scheduling conference with the court. So there was no ability, in fact, the parties were not permitted to do discovery prior to that point. With respect to that initial scheduling conference as well, the appellees of the City of Cleveland have explained or attempted to argue that the appellants essentially agreed to forego discovery at that point, but the record simply does not bear that out. By agreement of the parties, the parties agreed to postpone discovery, not to forego discovery altogether at the time of the discovery, but not to just completely forego whatever appellants would be normally entitled to avail themselves of. And the discovery, of course, would, as the appellants have said and as Your Honors have noted as well with your questionings with the appellees, of course it could possibly change and very well would change the analysis and the briefing on these issues. Many of the evidence here... Other than getting some kind of smoking gun that somebody was lying under oath or that something was not authentic, what would have changed? I mean, it just does seem like the facts are the facts. I mean, they got these, they sent these letters, yeah, the wrong person signed them, maybe it was undelivered, but the question is what did they do, and it seems like what they did is pretty well not in dispute other than you go out and see whether what they're saying is correct or not. Putting aside, by the way, the policy and whether it was routinely followed, because I think that's a much more interesting argument on how you test that, but no, go ahead. Sure. As Your Honors' first point, I mean, there could be smoking guns out there. We just don't know what they are. We did not have that opportunity to even look or ask for any of this information. But is that a fishing expedition? I don't know what... I mean, if that's true, then I went on a lot of fishing expeditions when I was a lawyer. But maybe that's wrong. I don't know. So if we're talking about fishing expedition and we're going to define that in terms of the way we usually talk about it in the discovery context, it's not a fishing expedition. It's a reasonable request asking for information that would very reasonably potentially be in the possession of a party who the appellants are claiming tore down their properties without providing them any notice. It's not like we're just going out there and, oh, we're going to sue them because we don't know what happened and we're just going to figure it out as we go. They had no notice. They never received any notice. Trying to figure out why these pieces of information are... why the notice was not properly given that the appellants would need to properly present their case. The appellate said in their argument as well, and your honors have noted, that the case does require the court to look at from the city's perspective, right? And from under all of the circumstances, these are the words that are being used to describe the test, but we were not able to get a full clear picture of what the city's perspective was. We got what they provided to us, but the appellants had no opportunity and the appellees were not necessarily required to disclose information that maybe they didn't want to. I would note also that the Keene case that the appellees are saying here is dispositive of the motion of the case. I apologize. This court in that case did very much rely on the fact that by plaintiff's own admission, the quote here is, by its own admission, plaintiff had actual notice of the condemnation proceedings that ultimately resulted in the demolition order and also admitted it would have to repair the property to abate the public nuisance, knowing about the public nuisance and the condemnation order and cites the transcript in which the plaintiff there admitted these things. So Keene is certainly not dispositive. But I don't know what to do with that. I mean, actual notice is not required though, right? No, it's not. If you have actual notice, it doesn't really matter what the city did. You're not going to have a due process violation because you had actual notice, but that can't be right, right? I mean, if I find out some other way, it doesn't mean that my due process rights weren't violated. So I don't know what to do with actual notice. Well, so hypothetically, Your Honor, yes. And certainly that was the case in Keene, right, which makes it significantly different than the case here. There was no actual notice in this particular matter. There's no allegations even that anyone had actual notice. And I would note also in that context that the case law on the subject from the Supreme Court of the United States and the Sixth Circuit does explain and states clearly that just compliance was with the ordinances and the city's following of the rules that it has set out for itself does not necessarily mean that it has met its constitutional burden. The city can say one thing, but what matters is what this court says, what the Supreme Court of the United States says about whether What's the status of these properties now? They're just empty lots sitting out there. That's correct. They're just empty lots there. Yes, they do still own them. I assume they're paying taxes. And the city has filed counterclaims, which I guess is a matter of public record for the cost of the demolition to try to recoup that as soon as these property changed hands. They tore down these buildings and tried to get the clients to pay for them. Okay, thank you. The case will be submitted.